GENERAL COMPONENTS, INC., dba
Hy–Tech Fitting & Components,
Plaintiff—Appellant,

v.

H.T. COMPONENTS U.S.A., INC.,
Defendant—Appellee.

No. 03–17070.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2005.

Decided Aug. 4, 2005.

Mia S. Blackler, Esq., Buchalter Nemer Fields & Younger, San Francisco, CA, for Plaintiff–Appellant.

Scott Zarin, Esq., San Francisco, CA, Michael Zupan, Esq., Alexander Y. Thomas, Esq., Reed Smith, LLP, Falls Church, VA, David A. Temeles, Jr., Temeles &

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Temeles, PC, McLean, VA, H. Sinclair Kerr, Jr., Esq., Ivo Labar, Kerr & Wagstaffe, San Francisco, CA, for Defendant–Appellee.

Before: GOODWIN, REAVLEY,\* and RAWLINSON, Circuit Judges.

MEMORANDUM \*\*

Plaintiff General Components, Inc. ("Plaintiff") here appeals the district court's summary judgment in favor of H.T. Components, U.S.A., Inc. ("Defendant") on its breach of contract claim. We review summary judgment de novo, see *Buono v. Norton,* 371 F.3d 543, 545 (9th Cir.2004), and affirm.

Because the facts are well known to the parties, it is unnecessary to recite them in detail here. In sum, Plaintiff contends that Defendant breached the parties' proprietary products agreement by producing and selling a shipping cap and plug virtually identical to a product designed by Plaintiff and disclosed to Defendant pursuant to the proprietary products agreement.

Under California law, "[n]o damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." Cal. Civ.Code § 3301; *see generally Grupe v. Glick,* 26 Cal.2d 680, 160 P.2d 832, 840 (1945) (discussing recoverability of lost profits as damages for breach of contract). In addition, to be recoverable, damages must be the direct result of the defendant's breach of contract. *See Automatic Poultry Feed-* *er Co. v. Wedel,* 213 Cal.App.2d 509, 28 Cal.Rptr. 795, 799 (1963).

As to its damages, Plaintiff alleged that Defendant stole away sales it would have made but for the Defendant's entry into the specific shipping cap and plug market. However, on its motion for summary judgment, Defendant produced admissible evidence tending to show that Plaintiff would not have made the disputed sales. Plaintiff offered no evidence sufficient to create a material issue of fact concerning lost sales or any other recoverable damages. Accordingly, the district court's summary judgment in favor of Defendant was proper.

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

